**\*\* E-filed July 9, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRANCISCO VASQUEZ; and JOSE VASQUEZ,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CAL WESTERN RECONVEYENCE CORPORATION as Trustee for U.S. Bank National Association as Trustee for First Franklin Loan Trust through Certificate Series 2006-FF10, et al.,<br><br>　　　　Defendants.<br>_____ / | No. C10-01679 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>**[Re: Docket No. 1]** |

　　*Pro se* parties Francisco and Jose Vasquez (collectively, the "Vasquezes") filed a Notice of Removal based on purported federal question jurisdiction. (Docket No. 1 ("Notice of Removal"); Docket No. 1, Ex. 1 ("Civil Cover Sheet").) However, the action removed is an unlawful detainer action in which the Vasquezes have already suffered an adverse judgment. And that judgment has been affirmed on appeal. *See U.S. Bank National v. Vasquez*, No. CL-09-00140, Superior Court of California, San Benito County, Appellate Division, Minute Order from Appeal (Apr. 5, 2010). Indeed, in their Notice of Removal, the Vasquezes frequently cite to and describe the state court proceedings, and they also state that they have "exhausted" their state remedies and want this Court to determine whether "the property subject to this proceedings [sic] was legally and in full

1  compliance conveyed by the trustee pursuant to statute." (Notice of Removal at 2; *see also id*. at 4-
2  6.)

3       A federal district court has an independent obligation to consider *sua sponte* whether
4  subject-matter jurisdiction exists. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004)
5  (citing *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004)). Removal to federal court
6  is proper where the federal court would have original subject matter jurisdiction over the complaint.
7  28 U.S.C. § 1441. Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to
8  review the final determinations of a state court in judicial proceedings. *Doe & Associates Law*
9  *Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (citations omitted). Such a review may
10 only be done by the United States Supreme Court. 28 U.S.C. § 1257.

11      Because the Vasquezes' Notice of Removal actually seeks federal review of the final
12 determination of the state court unlawful detainer action, this Court lacks subject-matter jurisdiction.
13 Accordingly, this Court ORDERS the Clerk of the Court to reassign this case to a district court
14 judge. The undersigned further RECOMMENDS that the newly-assigned district court judge
15 dismiss this action.

16 **IT IS SO ORDERED.**

17 Dated: July 9, 2010

18 HOWARD R. LLOYD
    UNITED STATES MAGISTRATE JUDGE

2

**C10-01679 HRL Notice will be electronically mailed to:**

Gwen Heather Ribar            gribar@wrightlegal.net

**Notice will be provided by other means to:**

Doug Viet Pham
Jackson & Associates, Inc.
4199 Campus Drive
Suite 700
Irvine, CA 92612

Francisco Vasquez
POB 1480 Castroville, CA 95012
758 Riverside Rd
Hollister, CA 95023

Jose Vasquez
POB 1480, Castroville, CA 95012
758 Riverside Road
Hollister, CA 95023

Robert James Jackson
Jackson & Associates
4199 Campus Dr #700
Irvine, CA 92612-2698

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

United States District Court
For the Northern District of California

3